Goico, Plaintiff and Appellee, v. Rodríguez et al., Defendant and Appellants.

Appeal from the District Court of Mayagüez in an Action of Debt.

No. 2440.—Decided May 31, 1922.

Mortgage—Rate of Interest—Stipulation—Intention.—In a mortgage contract the conventional rate of interest will be allowed after the maturity of the obligation if there is a stipulation to that effect, and it has been held frequently also that that rate may be allowed even in the absence of an express agreement to that effect when from the terms of the obligation itself it is plainly manifest that this was the intention of the parties.

The facts are stated in the opinion.

Mr. J. Sabater for the appellants.

Messrs. Benet & Souffront for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

On a former appeal the original judgment herein was reversed and the case remanded. The opinion contains a full statement of facts and may be found at page 492 of volume 28 of the Porto Rico Reports.

Thereafter the court below, upon the facts already in

evidence and without opinion, rendered judgment for plaintiff in the sum of $347.15 as balance due on September 8, 1919, plus $12.72 as interest at 12 per cent from that date to December 31st of the same year, the end of the term fixed in the mortgage, together with 6 per cent on the said sum of $341.15 from and after the date last mentioned until paid, amounting on the day of the judgment, January 19, 1921, to $22.56, "or," the judgment adds, "that is to say, a total of $382.43, together with interest thereon from this day until paid in full" and costs.

The inference is plain that the court below adhered to the construction originally given to the terms of the mortgage, save only as to the single point upon which the former judgment was reversed, to wit, the extension of the agreement as to the rate of interest to cover a period of time subsequent to the expiration date of the mortgage.

Now, as on the former appeal, appellant assumes, but does not show either by argument or citation of authority, that such a construction is erroneous. Certainly the language of the instrument is open to the interpretation placed upon it and after further consideration of the question we are inclined to agree with the court below.

The provision as to the term and interest, if considered alone, is perfectly plain: "The mortgage is for five years with interest at 12 per cent per annum." While the succeeding words "payable as follows" seem grammatically to refer only to interest, it is a significant circumstance that the various instalments thereupon enumerated include in every instance a portion of the principal as well as the specified amount of interest. Similarly, the accelerating clause in the paragraph immediately following shows an equal inaccuracy of expression, but as a whole seems to confer upon the mortgagee an option of treating the whole debt as due for the purpose of bringing suit, if desired, upon failure to meet any instalment. The parties could hardly

have intended that a waiver of this privilege by the creditor, upon inability of the debtor to make prompt partial payment, would involve a forfeiture of the right to demand the conventional rate of interest throughout the full term. Construing the first paragraph as a whole and in connection with the second, we can not say that the rate agreed upon was not intended by the parties to include and apply to overdue and unpaid instalments.

This being true, the rule that should govern is to be found in the opening sentence of the text quoted in our former opinion:

"It is well settled that the conventional rate of interest will be allowed after maturity where there is a stipulation to this effect, and it has also frequently been held that such rate may be allowed even in the absence of an express agreement to that effect where from the terms of the obligation itself when properly construed it is plainly manifest that this was the intention of the parties."

The court below, therefore, did not err in giving interest according to the contract instead of adopting the legal rate as a measure of damages.

The questions now raised are substantially the same as those sought to be submitted on the previous appeal. A discussion in detail of these matters would serve no useful purpose. Most of them depend upon the hypothesis excluded by the interpretation placed upon the contract by the trial judge, in which we concur.

We had hoped that certain *obiter dicta* in our former opinion might serve either as an incentive to settlement or else as a stimulus to additional research by counsel in the event of a prolongation of the controversy. That neither result ensued only tends to illustrate the general rule that *obiter* is a waste of both time and energy.

As perhaps appears from the statement of facts already adopted *supra,* at the time of the deposit by defendant in the court there was a difference of a little more than $100

in the conflicting estimates of the amount them due. Appellee however has called our attention to a circumstance overlooked on the first appeal, to wit, that the original judgment was rendered some three months prior to the expiration of the term fixed in the mortgage. Therefore the pronouncement as to interest at the conventional rate until paid would never have operated beyond maturity had the judgment been satisfied within in the period indicated. On the other hand, this view overlooks the right of appeal. Although the only question decided on the former appeal was that of the rate at which interest should be allowed after maturity, this was not the only point raised, and the position of the defendants in certain other respects was not wholly untenable. Plaintiff admitted the correctness of one item which had never been credited upon the account. It is said that there was no proof of the excess over the amount of interest due involved in the payment of the first instalment, but none of the interest sought to be recovered antedates this payment. The fact that this instalment was paid in full is not only undisputed, but tacitly admitted, and the ascertainment of the amount of interest actually due at the time and the difference between this and the sum paid is a mere matter of arithmetic. This difference, though not large, should have been allowed. But for this omission the probably inadvertent compounding of interest at the legal rate upon the sum of $22.56 mentioned by the trial judge in the judgment, if erroneous, might be regarded as within the rule of *de minimis non curat lex*. It may be that a less aggressive attitude on the part of plaintiff would have saved both parties much time, trouble and expense. Defendants have obtained one reversal and are now entitled to a modification of the judgment. Some additional excuse for bringing the matter again before this court may be found in the suggestions thrown out, unfortunately perhaps, in disposing of the first appeal. The pronouncement as to costs by reason of the failure ex-

pressly to exclude attorney's fees would include this item under recent decisions of this court. If the amount of such fees should now be determined upon the basis of reasonable compensation for time and labor expended, the result would represent a sum out of all proportion to the amount involved and far in excess of the $200 stipulated in the mortgage. All things considered, we are constrained to hold that defendants should not be required to pay attorney's fees.

The judgment appealed from should be modified to conform to the view herein expressed, and as modified,

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.